## * COMMONWEALTH *versus* JOHN D. HUTCHINSON.

The person whose instrument is alleged to be forged is not a competent witness to prove the forgery, unless the instrument, said to be forged, is produced at the trial.

THIS was an indictment containing two counts. The *first* charged the defendant to have forged a promissory note purporting to be made by one *Samuel Castle,* and payable to the defendant or his order—the *second count* was for uttering and publishing the same note.

The defendant pleaded not guilty.

In this case, the note was not produced by the government; but it was stated by the *Attorney-general,* (*Sullivan,*) that he was ready to prove by the testimony of three witnesses that the defendant had showed them an instrument as described in the indictment, purporting to be the promissory note of *Samuel Castle ;* that the witnesses read the same, and that the defendant offered to sell it as, and for, the genuine note of *Castle ;* and that *Castle* was present and ready to testify that he had never made *any* promissory note to the defendant; and he moved that *Castle* and the other persons offered as witnesses might be sworn to testify in support of the prosecution. (1)

· (1) There has been much difference of opinion whether the person whose name is · charged to have been forged, is to be permitted in any case to give evidence upon the trial of the indictment. This question, as the Court observe, has in England been settled in the negative, and in this commonwealth in the affirmative. It may be asked, why, if *any* evidence is allowed to be introduced to prove the forgery of an instrument not produced at the trial, the person whose name is alleged to have been forged, should be excluded, *on account of the non-production of the instrument,* rather than any other witness. Indeed, it has been repeatedly decided in this Court that where the indictment charged that the forged instrument had been concealed or suppressed by the prisoner, and that fact was proved, the trial should be suffered to proceed without the production of the instrument.

In a subsequent case, where nothing was laid in the indictment to excuse the non-production of the instrument alleged to have been forged, but it being proved to have been secreted by the prisoner, or his friends, the Court permitted a copy to be given in evidence. 3 *vol.* 82, *Commonwealth* vs. *Snell.*

[It has been held in England, before the late statute, that where the party whose hand-writing is forged has no interest in invalidating it, he is a competent witness. (2 Russ. 376, 2d Lond. ed. ;) and where he was interested, but had been divested of his interest by release or otherwise, he became competent. But by 9 *Geo* IV. ch 33 incompetency in all these cases is removed.—ED.]

The defendant's counsel (*Ives*) objected to the evidence offered unless the note was produced: he also objected to *Castle* as a wit-ness, on the ground that the person whose note is said to be forged is in no case competent to prove the forgery, unless he has a re-lease, or has paid the contents of the note.

The Court (*Strong*, *Sedgwick*, *Sewall*, and *Thatcher*, justices) did not decide whether there might not be cases in which a forgery might be proved without producing the instrument alleged to be forged, but they were clearly and unanimously of opinion that the person, whose instrument is alleged to be forged, is not a com-petent witness to prove the forgery, unless the instrument is pro-duced at the trial.

*They said that although they believed it to be *now* set-  [ * 8 ] tled in *England* that the person whose instrument is said to be forged is not a competent witness to prove the forgery, yet the practice had for a long time been otherwise in *this state*; and from a supposed necessity—that is, from the impossibility, ordinarily, of proving the forgery without his testimony; but they had never known this done unless the instrument was produced; that in thus departing from the decisions of the courts of law in *England*, which appear to have been grounded on pretty strong and substan-tial reasons, we had gone far enough, perhaps too far; that al-though they considered themselves bound by the decisions of our own courts, which were contrary to or different from those in the *English* courts, yet they thought to extend the principle beyond what had been already decided, to the length *now* contended for, would be very dangerous in its consequences; and that no reasons from necessity, convenience, or public policy, required it. The testimony of *Castle* being rejected, without which it was, in the present case, impossible to prove the forgery, the jury were directed to find the defendant not guilty—which they did *instanter*.